IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HELENA CHEMICAL COMPANY**	**PLAINTIFF**

v.	No. 4:17-cv-211-DPM

**EMMET P. TORIAN, JR., individually
and as trustee of the Emmet P. Torian,
Jr. Revocable Trust Declaration dated
7/10/2000; and JOSEPH G. TORIAN**	**DEFENDANTS**

## ORDER

1.  This Court entered judgment for Helena Chemical against Emmet Torian and Emmet Torian Farms. No. 4:15-cv-324-DPM, № 16. Later, Helena Chemical, Emmet, and Emmet's son Joseph Torian participated in a mediation. They agreed, among other things, that Joseph would pay Helena Chemical $50,000 by October 2016, and that Joseph and Emmet would pay the remaining balance by March 2017. In sum, Joseph agreed to be jointly responsible for the entire judgment—approximately $208,000. The deadlines have passed; no payments have been made. The farm has been listed for sale, but hasn't sold yet. Helena Chemical filed this case to enforce the mediation agreement. The company now seeks partial summary judgment on its breach claim against Joseph Torian.

2. Joseph has admitted all the essential facts about the parties' contract. *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218 (2008). In defense, Joseph says he was coerced into signing the mediation agreement, and that he didn't get anything in return. To avoid his contractual obligation, though, he's got to come forward with proof on his affirmative defenses. *Conseco Life Insurance Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010); *Midwest Oilseeds, Inc. v. Limagrain Genetics Corp.*, 387 F.3d 705, 714 (8th Cir. 2004). He hasn't. Joseph has acknowledged that he didn't have to join in the agreement or even attend the mediation—the judgment was against Joseph's father and his father's farm. № 12 at 2. And there's no evidence that Joseph was threatened, intimidated, or otherwise forced into signing the agreement. The fact that the mediation occurred when the Torians were focused on their crop doesn't make the settlement a coerced deal. Joseph and Emmet's undisputed partial performance some months into the forbearance period, by giving a security interest in equipment, also works against any duress defense. As to consideration, it's clear that Joseph and Helena Chemical exchanged promises—he agreed to pay money; Helena Chemical agreed not to execute on the judgment for approximately seven months. The company followed through, so Joseph got what he bargained for. That's consideration. The Court understands: the farm is on the market; there's more than enough equity to pay the debt; selling a farm at a fair price takes time; and the

Torians strongly prefer to hold off on paying the judgment until the sale. The parties, however, made a different deal at the mediation.

\* \* \*

Motion for partial summary judgment, № 5, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

8 January 2018