# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

HELENA CHEMICAL COMPANY                                              PLAINTIFF

v.                              No. 4:17-cv-211-DPM

EMMET P. TORIAN, JR., Individually
and as Trustee of the Emmet P. Torian, Jr.
Revocable Trust Declaration Dated
7/10/2000; and JOSEPH G. TORIAN                                    DEFENDANTS

## ORDER

Helena Chemical's motion for attorney's fees and costs, № 27, is partly granted and partly denied.

First, on the motion to compel. Brother Miller granted the motion. This happened early in the case. Rule of Civil Procedure 37(a)(5)(A) makes a fee award the presumptive result unless an exception applies. None does here: Helena Chemical tried without success to get the trust papers without a court order; the Torians' partial production, made after the motion to compel was filed, didn't address all the documents; the Torians' resistance was not substantially justified—these documents were discoverable, though not dispositive, on the title/judgment lien issues; and a fee award is not unjust in the circumstances presented. *Arnold v. ADT Security Services, Inc.*, 627 F.3d 716, 720 (8th Cir. 2010).

Second, on the contract claim against Joseph. The Court is disappointed that none of the parties notified it about the auction. Here's the timeline:

- 29 September 2017 Motion for partial summary judgment against Joseph ripened;
- 8 December 2017 Farm sold at auction;
- 8 January 2018 Court granted motion against Joseph;
- 16 January 2018 Helena Chemical moved for fees and costs;
- 18 January 2018 Farm sale closed; and
- 30 January 2018 Judgment in No. 4:15-cv-324-DPM satisfied.

It's unclear exactly when Helena Chemical learned about the sale. Payment of the underlying judgment mooted this case, but that happened three weeks or so after the Court ruled against Joseph. The Court doesn't have the documents about the auction or the resulting sale. It's thus unclear whether the deal was locked in—made with so much certainty that the Court could hold that the successful bid in December mooted the case.

In the statute's word, did Helena Chemical "prevail" against Joseph in these peculiar circumstances? ARK. CODE ANN. § 16-22-308. No. The Court has found no Arkansas precedent supporting a fee award in the unusual circumstances presented. *See generally* HOWARD

W. BRILL & CHRISTIAN H. BRILL, 1 ARKANSAS PRACTICE SERIES: LAW OF DAMAGES § 11 (6th ed. 2014). It's clear that Helena Chemical is not entitled to entry of judgment against Joseph. The company won its motion, but the sale-facilitated satisfaction of the underlying obligation prevents the Court from reducing Helena Chemical's win to judgment. This was a damages case, not one for injunctive relief, where a fee is sometimes available after the defendant voluntarily changes course, essentially giving the plaintiff the result it sought. *E.g., Koppel v. Wein*, 743 F.2d 129, 135 (2d Cir. 1984). Helena Chemical's motion, and eventual win, against Joseph was a spur to the sale, the closing, and the satisfaction. But, the Court predicts that the Arkansas Supreme Court would hold that Helena Chemical did not prevail here, within the meaning of § 16-22-308, because it didn't get any money from Joseph out of this case.

Helena Chemical also says, in passing, that it's entitled to fees pursuant to the parties' security agreement because of Joseph's breach of the July 2016 mediation agreement. The mediation agreement provided that Joseph and Emmet would give a security interest in certain farm equipment, and Helena Chemical's lawyer would prepare the document. This was eventually done. № 5-7 at 2–5. The October 2016 security agreement addresses attorney's fees—both for equipment-related litigation and, perhaps, for any breach of the underlying mediation agreement. Here are the terms:

6. That Grantors shall be in default under this Agreement upon the happening of any of the following events or conditions:

> (a) A default in the payment or performance of any obligation, covenant[,] or agreement set forth in this Agreement or in the Mediation Agreement, including, but not limited to, the failure of Grantors to pay Secured Party the sum of $50,000.00 on or before October 10, 2016 or the failure of Grantors to satisfy the Judgment in full by March 1, 2017;
>
> . . .
>
> Grantors shall reimburse Secured Party for all reasonable expenses of retaking, holding, preparing for sale, selling and the like, including Secured Party's reasonable attorney's fees and legal expenses and all other expenses allowed by law following a breach of this Agreement or the Mediation Agreement by the Grantors.

№ 5-7 at 3, 4.

The security agreement was contemplated by the mediation agreement. № 5-3 at 1. And the Court construes the parties' separate documents as parts of one contractual whole. *Integon Life Insurance Co. v. Vandegrift*, 11 Ark. App. 270, 276, 669 S.W.2d 492, 495 (Ark. Ct. App. 1984). Helena Chemical sought and got this security interest, plus Joseph's promise to pay some toward the debt by a date certain and be responsible for the whole debt, in return for forbearance. The right to recover any fees and expenses reasonably incurred in repossessing and selling the equipment is standard. It would have been odd if this kind of term had been omitted. This security agreement, though, can be read

to reach much further, providing for recovery of fees incurred after any breach of the mediation agreement.

For three reasons, the Court declines to adopt that reading. First, the Court granted Helena Chemical's motion against Joseph based on his failure to pay the debt, not on any breach of the security agreement. Second, the parties' foundational mediation agreement didn't mandate attorney's fees if there was a breach. The parties contracted against the background of Arkansas law; § 16-22-308 was that background; so, fees were possible, not certain. Third, no consideration flowed for any promises beyond the standard security agreement contemplated by the mediation agreement. There's nothing in the record that supports holding the Torians to a new and global fee-related obligation, one untethered from repossession-related legal work.

Helena Chemical is not entitled to attorney's fees on the merits issues.

* * *

Motion, № 27, granted on fees for the motion to compel and denied on fees and costs for the contract claim. The Court awards Helena Chemical $4,158.50 in attorney's fees against Emmet and Joseph Torian. Motion to dismiss Count II of the complaint, № 39, granted. The whole complaint will be dismissed as moot.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 April 2018